✎Prob 12A
   (Rev. 01/2020 - D/SC)

# United States District Court

for

### District of South Carolina

---

## Report on Offender Under Supervision

**Name of Offender:** Richard Pokryfka                **Case Number:** 2:13CR00719-001

**Name of Sentencing Judicial Officer:**  The Honorable Sol Blatt, Jr., Senior United States District Judge
**Name of Current Judicial Officer:**  The Honorable Bruce H. Hendricks, United States District Judge

**Date of Original Sentence:** December 7, 2015

**Original Offense:** Count 2:  Possession of Child Pornography, in violation of Title 18 U.S.C. § 2252A(a)(5)(B)

**Original Sentence:** The defendant was sentenced to Time Served (1 day) followed by Life supervised release. Special conditions include: 1) The defendant shall participate in a program of mental health counseling and/or treatment as deemed necessary by the U.S. Probation Officer, until such time as the defendant's release from the program is approved by the U.S. Probation Officer. 2) The defendant shall participate in the Computer/Internet Monitoring Program and abide by the rules of that program, as approved by the U.S. Probation Officer. 3) The defendant shall participate in a sex offender treatment program, approved by the U.S. Probation Office, which may include physiological and psychological testing. 4) The defendant shall contribute to the costs of any treatment, drug testing and/or location monitoring not to exceed an amount determined reasonable by the court approved U.S. Probation Office's Sliding Scale for Services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 5) The defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the United States Probation Office. 6) The defendant shall have no unsupervised contact with children under the age 18, without approval and consent of the United States Probation Officer. 7) The defendant shall comply with any sex offender registration laws in accordance with the Sex Offender Registration and Notification Act (SORNA), including any applicable state laws. 8) The defendant shall not possess any audio or visual depictions containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A). 9) The defendant shall not frequent adult bookstores, sex shops, topless bars, or locations that act as a sexual stimulus. 10) The defendant shall submit to random polygraphs for treatment purposes, as well as compliance to the standard conditions of supervision, to be conducted by any person deemed appropriate by the United States Probation Officer as a treatment tool to be used in conjunction with his sex offender treatment program with the following limitations: (A) Answers to questions asked during a polygraph test cannot be used against the defendant in any criminal proceeding other than an action to extend, modify, or revoke supervised release. (B) Information obtained during polygraph testing cannot be made public or released to state or any other prosecuting authorities; and (C) Information obtained during polygraph testing cannot be used in a civil commitment proceeding under state or federal law.  The defendant shall make co-payments up to the total costs of the polygraph. These payments shall be made in addition to co-payments made for sex offender treatment and shall be based on the sliding scale.

**Type of Supervision:** Supervised Release                **Date Supervision Commenced:** December 7, 2015

✎Prob 12A                                                                                                                Page 2
  (Rev. 01/2020 - D/SC)

**Previous Court Action/Notifications:** On September 3, 2020, the Court was notified of the defendant's failure to refrain from possession of audio or visual content that is sexually explicit as defined in 18 § U.S.C. 2256(2)(A). To wit: the defendant admitted to watching adult pornography through an unmonitored smart television. It was requested no action be taken by the Court. The defendant's sex offender treatment was increased to weekly sessions. It should be noted that the defendant self-disclosed his behavior, though high-risk, it may not have fallen under the legal definition of Sexually Explicit as defined in 18 § U.S.C. 2256(2)(A).

On September 8, 2020, this case was reassigned to the Honorable Bruce H. Hendricks, U.S. District Judge.

On December 8, 2020, the Court was notified of the defendant's failure to refrain from possession of audio or visual content that is sexually explicit as defined in 18 § U.S.C. 2256(2)(A). To wit: the defendant admitted to watching adult pornography through an unmonitored smart television. It was requested no action be taken by the Court. The defendant's relapse was adequately being addressed in weekly sex offender treatment. He also discarded the smart television.

On October 12, 2021, a status conference was requested due to a review of the internet monitoring software indicating the defendant was repeatedly viewing adult pornography and/or sexually explicit images on September 28, October 1, and October 2, 2021.  On October 19, 2021, a status conference was held before Your Honor. The defendant's conditions were modified to include 1) The defendant shall not frequent adult bookstores, sex shops, topless bars, or locations or view any images that act as a sexual stimulus; 2) The defendant must participate in and successfully complete a mental health and/or sex offender treatment program. While participating in said program, the defendant shall follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise participation in the program (provider, location, modality, duration, intensity); 3) The defendant is to remain in weekly treatment with Alternatives Life Improvement Center until assessment and treatment plan is established with MUSC.

On November 21, 2024, the Court modified the defendant's conditions to include: 1) You must notify the U.S. Probation Officer of any computer, as defined in 18 U.S.C. § 1030(e)(l), or any electronic device that you possess and/or use, or intend to possess and/or use, that can be linked to a computer network, the internet, an internet service provider, or an electronic exchange format, and you must allow the U.S. Probation Officer to install software designed to monitor your activities on any computer or electronic device that you possess and/or use. You must provide complete computer and electronic device use information to the U.S. Probation Officer, including, but not limited to, all data storage devices, passwords, internet service providers, email addresses and accounts, and current and former screen names. You must provide express, written authorization for release of information from your internet service provider.   The monitoring software may record any and all activity on personal computers and electronic devices you may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations.  Unless otherwise approved by the court, any computer or electronic device you possess and/or use must be compatible with the monitoring software used by the U.S. Probation Office. You must permit the U.S. Probation Officer to conduct a preliminary computer or electronic device search to confirm the device's compatibility with the monitoring software.  You must permit the U.S. Probation Officer to conduct periodic unannounced searches of any computers or electronic devices subject to monitoring to ensure the monitoring software is functioning effectively and to determine whether there have been attempts to circumvent the monitoring software.  You must not install any programs designed to encrypt data of any kind or designed to defeat or circumvent the monitoring software.  If you fail to notify the U.S. Probation Officer of a computer or electronic device that you possess and/or use, such computer or electronic device will be considered contraband and may be subject to immediate search and/or seizure by the U.S. Probation Officer. Any computer or electronic device which is incompatible with the monitoring software will be considered contraband and may be subject to immediate search and/or seizure by the U.S. Probation Officer.  If there is reasonable suspicion that a violation of a condition of supervision has occurred and that a computer or electronic device subject to monitoring contains evidence of this violation, the U.S. Probation Officer

may conduct a search of such computer or electronic device and may search any data storage device compatible with such computer or electronic device, at a reasonable time and in a reasonable manner.  You must warn any other people who use the computers and electronic devices subject to monitoring that the computers and electronic devices may be subject to searches pursuant to this condition.  This condition does not apply to computers or other network- or internet-capable devices kept and maintained on the premises of your workplace, educational facility, or library.  If your work or school provides you with a computer or internet-capable device for off-premises use, that device must be reported to the U.S. Probation Officer and will be subject to monitoring as if it were your personal device. You must pay all costs related to computer and electronic device monitoring or usage. 2) You must satisfactorily participate in and successfully complete a psycho-sexual evaluation by a qualified mental health professional experienced in managing and evaluating sex offenders as approved by the U.S. Probation Officer.  You must satisfactorily participate in and successfully complete any recommended treatment and/or treatment program and must abide by all rules, requirements, and conditions of any such treatment and/or treatment program.  3) You must not possess, own, use, view, or read any material depicting and/or describing sexually explicit conduct involving an identifiable minor, including computer images, pictures, photographs, books, writings, drawings, videos, or video games.  You must not enter a place where any materials depicting and/or describing sexually explicit conduct involving an identifiable minor can be obtained or viewed, electronically or otherwise. "Sexually explicit conduct" as used in this condition is defined in 18 U.S.C. § 2256(2)(A) as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. The modification was in response to the defendant seeking movies with sexually explicit material, possessing inappropriate photographs of his grandson in swim wear, and termination from sex offender treatment at the Medical University of South Carolina.

---

**NONCOMPLIANCE SUMMARY**

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Failure to Refrain Unmonitored Device Use**: **The defendant is subject to the following condition: You must notify the U.S. Probation Officer of any computer, as defined in 18 U.S.C. § 1030(e)(l), or any electronic device that you possess and/or use, or intend to possess and/or use, that can be linked to a computer network, the internet, an internet service provider, or an electronic exchange format, and you must allow the U.S. Probation Officer to install software designed to monitor your activities on any computer or electronic device that you possess and/or use.** |

On March 4, 2026, the defendant submitted to a polygraph that was inconclusive. The defendant was asked the following relevant questions:

**R4: Since your last polygraph, have you accessed the internet from an unmonitored device?**
**R6: Have you used the internet from an unauthorized device in the last six months?**

During his polygraph exam, the defendant disclosed using his daughter's tablet to connect it to his Wi-Fi and use it to purchase tickets for a show that he says he, his daughter, and granddaughter attended in Charleston.

✎Prob 12A                                                                                                          Page 4
  (Rev. 01/2020 - D/SC)

2.      **Failure to Refrain from Unmonitored Device Use: The defendant is subject to the following condition: The defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the United States Probation Office.**

On March 25, 2026, the U.S. Probation Officer completed a home contact to address his inconclusive polygraph. The defendant admitted to buying a laptop in June 2025 for his grandson. The defendant advised the laptop was shipped to his house. He opened the laptop at his daughter-in-law's house and helped his grandson set up various accounts and conducted updates on the operating system.

3.      **Failure to Obtain Consent for Minor Contact: The defendant is subject to the following condition: The defendant shall have no unsupervised contact with children under the age 18, without approval and consent of the United States Probation Officer.**

On March 25, 2026, the defendant admitted to having contact with his minor grandson around June 2025 without receiving prior permission from the U.S. Probation Officer.

**U.S. Probation Officer Action:** It is respectfully recommended that the violation be held in abeyance. The defendant has been advised that a subsequent revocation hearing may be scheduled as a result of the violation. The U.S. Probation Officer will review the Chaperone Training requirements with the defendant's daughter and daughter-in-law. The defendant was advised that all contact with minors must be approved in advance even if a chaperone will be present. The defendant is currently attending sex offender specific counseling with the Medical University of South Carolina. They were advised of the concerns, and it will be addressed in a therapeutic setting, as well. Safety plans will be a requirement for all future approved minor contact.

A follow up polygraph was conducted on May 2, 2026, after the defendant's additional disclosures were made to the probation officer. The defendant passed this examination with No Deception indicated. The Court will be notified immediately of any future violations of the term of the defendant's supervision.

Respectfully Submitted,

By:   *amber wells*
      Amberelle N. Wells
      U.S. Probation Officer
      Charleston Office

Date:  May 5, 2026

Reviewed and Approved By:

*LaSheika S. VanDyke*
LaSheika S. VanDyke
Supervising U.S. Probation Officer

✎Prob 12A                                                                                                              Page 5
  (Rev. 01/2020 - D/SC)

| X | Agree with Probation Officer's recommendation |

| | Submit a Request for Modifying the Condition or Term of Supervision |

| | Submit a Request for Warrant or Summons |

| | Other |

_Bruce H. Hendricks_

Bruce H. Hendricks
United States District Judge

May 5, 2026
Date